FILED

2010 Nov-23  PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **GEORGE BRYANT, LABARRON BYRON** ) | |
| **RODNEY FREEMAN, DANA HAMPTON** ) | |
| **JERMAINE HARDIN, ERIC HERROD,** ) | |
| **CHARLES PATTON, QUENTOLYN SNEED,** ) | |
| **WILLIAM TATUM, LOVELL TRAVIS,** ) | |
| **and URIAL L. TURNER, JR.,on behalf of** ) | |
| **themselves and all other black persons** ) | |
| **similarly situated,** ) | _____ |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CLASS ACTION** |
| **v.** ) | **COMPLAINT** |
| ) | |
| **SOUTHLAND TUBE, INC.** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

## I.  NATURE OF COMPLAINT

This action is brought by eight current African-American employees and three former African-American employees of Southland Tube Incorporated (hereinafter "Defendant" or "Southland Tube") to address Southland Tube's demonstrable policy of race discrimination. These eleven individuals (hereinafter referred to collectively as "Representative Plaintiffs") bring this action on behalf of themselves and other similarly situated persons of their race to redress Defendant's continuous and systemic pattern and practice of racial discrimination in pay, training, and promotions.  The Representative Plaintiffs would aver as follows:

Southland Tube has followed a general practice of discriminating against African-Americans with regards to pay, training, and promotion.  A by-product of this practice is that African-American employees are expressly and impliedly discouraged from seeking  higher paying  and higher responsibility positions:

Southland Tube's continuing systemic pattern and practice of racial discrimination in employment has affected the Class Representatives and the class members they seek to represent in the following ways:

a.      Southland Tube restricts and excludes African-Americans from higher pay and higher

responsibility positions by preventing and discouraging them from seeking training for such positions;

b.      The criteria utilized by Southland Tube in making selection decisions-to include pay, training and promotion-discriminate on the basis of race in violation of §703(k) of Title VII, 42 U.S.C. §2000e-2(k).  The Defendants allow an over-whelmingly white group of selectors to use a "hazy" selection process for its employment decisions. Also, the Defendant does not post all jobs and instead relies on a "tap on the shoulder" procedure whereby it awards positions of higher pay and prestige to white employees. These processes disparately impact African-American employees because they allow subjectivity and favoritism to influence employment decisions. Because of this, the decision-makers are free to exercise their discretion in an unguided, subjective manner that provides a ready mechanism for whites to vent discriminatory feelings upon African-American applicants.

## II.    <u>JURISDICTION AND VENUE</u>

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3), and (4), 2201 and 2202, 42 U.S.C. 2000d-2 and 2000e5(f).  This is a suit authorized and instituted pursuant to the Act of Congress known as "The Civil Rights Act of 1866," 42 U.S.C. § 1981 and

1981a and the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended by the Civil Rights Act of 1991.

2.      Venue is proper in the Northern District of Alabama under 28 U.S.C. § 1391(B) & © because Southland Tube is located here, the persons responsible for overseeing the human resources function are here, Southland Tube maintains personnel records here, and engages in or ratifies illegal conduct adversely affecting the Plaintiffs here. The Defendant's failure to promulgate effective equal employment policies originated in this district. The records relevant to whether this defendant has issued such policies are located in this district.

### III.   CONDITIONS PRECEDENT TO SUIT UNDER TITLE VII

3.      The Plaintiffs have fulfilled all conditions necessary to the institution of this action under Title VII.  Plaintiffs are filing this lawsuit within 90-days of their  receipt of Notices of Right-to-Sue from the Equal Employment Opportunity Commission and.  Plaintiffs' claims arising under 42 U.S.C. §1981 are subject to a four year statute of limitations and do not require administrative exhaustion.

### IV.   PARTIES

#### A.   Defendant

4.      Defendant Southland Tube is an employer as defined by 42 U.S.C. § 2000e(b). It is also an individual subject to suit under 42 U.S.C. §1981.

#### B.   Named Plaintiffs

5.      **George Bryant** is an African-American resident of the State of Alabama and a citizen of the United States.  At all times material to this action, he has been employed with Southland Tube. He is a representative of the class.

3

6.      **LaBarron Byrion** is an African-American resident of the State of Alabama and a citizen of the United States.  At all times material to this action, he has been employed with Southland Tube. He is a representative of the class.

7.      **Rodney Freeman** is an African-American resident of the State of Alabama and a citizen of the United States.  He is a former employee of the Defendant and he is a representative of the class.

8.      **Dana Hampton** is an African-American resident of the State of Alabama and a citizen of the United States.  At all times material to this action, he has been employed with Southland Tube. He is a representative of the class.

9.      **Jermaine Hardin** is an African-American resident of the State of Alabama and a citizen of the United States.  At all times material to this action, he has been employed with Southland Tube. He is a representative of the class.

10.     **Eric Herrod** is an African-American resident of the State of Alabama and a citizen of the United States.  At all times material to this action, he has been employed with Southland Tube. He is a representative of the class.

11.     **Charles Patton** is an African-American resident of the State of Alabama and a citizen of the United States.  At all times material to this action, he has been employed with Southland Tube. He is a representative of the class.

12.     **Quentonlyn Sneed** is an African-American resident of the State of Alabama and a citizen of the United States. He is a former employee of the Defendant and he is a representative of the class.

13.     **William Tatum** is an African-American resident of the State of Alabama and a

4

citizen of the United States.  At all times material to this action, he has been employed with Southland Tube. He is a representative of the class.

14.      **Lovell Travis** is an African-American resident of the State of Alabama and a citizen of the United States.  He is a former employee of the Defendant and he is a representative of the class.

15.      **Urial L. Turner, Jr.** is an African-American resident of the State of Alabama and a citizen of the United States.  At all times material to this action, he has been employed with Southland Tube. He is a representative of the class.

## V.      CLASS ALLEGATIONS

### A.      CLASS DEFINITION

16.      The Representative Plaintiffs sue on behalf of themselves and on behalf of all other similarly situated African-American employees.  The Representative Plaintiffs are all members of the class they seek to represent.  That class consists of current and former African-American employees, of Southland Tube, who have been subject to one or more aspects of the systemic racial discrimination described in this Complaint.  Such systemic racial discrimination includes the Defendant's (1) discriminatory selection policies and (2) unequal terms and conditions of employment.

### B.      COMMON QUESTIONS OF LAW AND FACT

17.      The prosecution of the claims of the Representative Plaintiffs requires adjudication of numerous questions of law and fact common to their individual claims and those of the putative class they seek to represent.  The common questions of law would include, inter alia:  whether the Defendant has engaged in systemic race discrimination in its selection and promotion policies and

in the general terms and conditions of work and employment in a manner made unlawful under "the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended by the Civil Rights Act of 1991 and the Civil Rights Act of 1866," 42 U.S.C. § 1981 and 1981a.

18.     The common questions of fact would include, inter  alia,: (1) whether Southland Tube discriminated against African-American employees because of their race with regard to promotions, training, and work assignments and (2) whether Southland Tube discriminated against African-Americans in other terms and conditions of employment.  The details of the Representative Plaintiffs' claims are encompassed within the claims prosecuted on behalf of the class and set forth in this Complaint.

C.     TYPICALITY

19.     The claims of the Representative Plaintiffs are typical of those of the members of the class.  The Representative Plaintiffs and all class members have been and are similarly adversely affected by the systemic discriminatory practices complained of herein.  Specifically, the representative claims, like those of the class members, arise out of Defendant's pervasive discriminatory conduct with regard to promotion to hourly, supervisory, or managerial positions, pay, training, work assignments, and other terms and conditions of employment.

20.     Racial discrimination affects the work environment of the Representative Plaintiffs and the class they seek to represent in the same way.  Discrimination in promotions, pay, training, work assignments affects, and other terms and conditions of employment affect the compensation of the Representative Plaintiffs and the class they seek to represent in the same way.

21.     African-American employees, including the Representative Plaintiffs, have complained repeatedly to Southland Tube  management about discriminatory treatment with regard

to promotions, training, pay, work assignments, and other terms and conditions of employment. Defendant has failed to investigate these complaints or has failed to investigate them adequately. The Defendant has also failed to implement adequate procedures to prevent and/or correct this pattern and practice of discrimination.

22.     Southland Tube has failed to create adequate incentives for its management and supervisors to comply with equal employment opportunity laws regarding each of the policies, practices and procedures described in this Complaint and has failed to discipline adequately its managers and other employees for violation of these laws.  Southland Tube's failure constitutes a "continuing violation" that is part of a longstanding and demonstrable toleration of systemic practice and policy of discrimination.

23.     The relief necessary to remedy the claims of the Representative Plaintiffs is the same relief that is necessary to remedy the claims of the putative class members in this case.  The Representative Plaintiffs seek the following relief for individual claims and class claims asserted herein:  (1) declaratory judgment that Defendant has engaged in systemic racial discrimination against African-Americans; (2) a permanent injunction against such continuing discrimination; (3) injunctive relief which restructures Southland Tube's selection, transfer, and work environment policies, practices and procedures so that Plaintiffs and class members will be able to compete fairly in the future for jobs, promotions, and training and enjoy terms and conditions of employment traditionally afforded similarly situated white employees; (4) back pay, front pay, nominal damages, punitive damages, injunctive relief and other equitable remedies necessary to make the Plaintiffs, and the class, whole from Southland Tube's past discrimination; and (5) attorneys' fees, costs, and expenses.

### D.        NUMEROSITY AND IMPRACTICABILITY OF JOINDER

24.     The class that the Representative Plaintiffs seek to represent is too numerous to make joinder practicable.   The proposed class consists of numerous former, current, and future African-American employees who either have been, are, or will be, employed by Southland Tube. Southland Tube's pattern and practice of race discrimination also makes joinder impracticable by discouraging African-American individuals from applying for promotional opportunities, training opportunities, and work assignments thereby making it impractical and inefficient to identify many members of the class prior to the determination of the merits of Southland Tube's class wide liability.

### E.        ADEQUACY OF REPRESENTATION

25.     The Representative Plaintiffs will fairly and adequately protect the interests of the class inasmuch as they are broadly representative, as reflected in the preceding paragraphs.   There are no conflicts of interest present with the members of the proposed class as each would benefit from the imposition of a remedy for the Defendant's discriminatory employment practices.   The Representative Plaintiffs have retained counsel experienced in litigating major class actions in the field of employment discrimination, and who are prepared and able to meet the time and fiscal demands of class action litigation of this size and complexity.   The combined interest, experience, and resources of the Representative Plaintiffs and their counsel to litigate competently the individual and class claims of race-based employment discrimination at issue satisfy the adequacy of representation requirement under Fed.R.Civ.P. 23(a)(4).

### F.        EFFICIENCY OF CLASS PROSECUTION OF COMMON CLAIMS

26.     Certification of a class of similarly-situated African-American individuals is the most

8

efficient and economical means of resolving the questions of law and fact that are common to the individual claims of the Representative Plaintiffs and the proposed class.  The individual claims of the Representative Plaintiffs require resolution of the common question of whether Defendant has engaged in a systemic pattern of racial discrimination against African-American individuals.  The Representative Plaintiffs seek remedies to undo the adverse effects of such discrimination in their own lives, careers and working conditions and to prevent continued racial discrimination in the future.  The Representative Plaintiffs have standing to seek such relief because of the adverse effect that such discrimination has had on them individually and on African-American individuals generally.  In order to gain such relief for themselves, as well as for the putative class members, the Representative Plaintiffs will first establish the existence of systemic racial discrimination as the premise of the relief they seek.  Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.  Certification of the class of African-American individuals affected by the common questions of law and fact is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for the Representative Plaintiffs, the class and the Defendant.  The Representative Plaintiffs' individual and class claims are premised upon the traditional bifurcated method of proof and trial for systemic disparate treatment claims of the type at issue in this complaint.  Such a bifurcated method of proof and trial is the most efficient method of resolving such common issues.

### G.     CERTIFICATION IS SOUGHT PURSUANT TO FED. R. CIV. P.  23(b)(2)

27.     Southland Tube has acted on grounds generally applicable to the named Plaintiffs and the proposed class by adopting and following systemic practices and procedures that are racially

discriminatory.  Southland Tube's racial discrimination is its standard operating procedure rather than sporadic occurrences.   Southland Tube has refused to act on grounds generally applicable to the class by:  (1) refusing to adopt or follow selection procedures which do not systemically discriminate against African-American individuals; and (2) refusing to provide equal terms and conditions of work to African-American individuals. Southland Tube's systemic discrimination and refusal to act on grounds that are not racially discriminatory have made appropriate final injunctive relief and declaratory relief with respect to the class as a whole.

28.     The injunctive relief and declaratory relief are the predominate reliefs sought because

they are both the cumulation of the proof of the Defendant's individual and class-wide liability at the end of Stage I of a bifurcated trial and the essential predicate for the named Plaintiffs' and class members' entitlement to monetary and non-monetary remedies at Stage II of such a trial. Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the existence of systemic racial discrimination against African-American individuals.  Such relief is the factual and legal predicate for the named Plaintiffs' and the class members' entitlement to equitable remedies for individual losses caused by such systemic discrimination.

**H.     ALTERNATIVELY CERTIFICATION IS SOUGHT PURSUANT TO FED. R. CIV. P. 23(b)(3)**

29.     The common issues of fact and law affecting the claims of the Representative Plaintiffs and proposed class members, including, but not limited to, the common issues identified in paragraphs 1-28 above, predominate, over any issues affecting only individual claims.

30.     A class action is superior to other available means for the fair and efficient

adjudication of the claims of the named Plaintiffs and members of the proposed class.

31.     The cost of proving the Defendant's pattern or practice of discrimination makes it impracticable for the named Plaintiffs and members of the proposed class to control the prosecution of their claims individually.

32.     The Northern District of Alabama is the most logical forum in which to litigate the claims of the Representative Plaintiffs and the proposed class in this case because the Defendant's home office is here;  the persons responsible for overseeing the human resources function are here; Southland Tube maintains personnel records here; and engages in or ratifies illegal conduct adversely affecting the Plaintiffs here.

## VI.     CLASS ALLEGATIONS OF THE PLAINTIFFS

### A.     Representative Plaintiffs

33.     **Representative Plaintiff George Bryant** was adversely affected by the challenged systemic practices and pattern of racial discrimination with respect to selection decisions, job assignments, pay, promotions, training, and other terms and conditions of employment. This pattern and practice of racial discrimination has adversely affected Bryant by denying him the opportunity to work in an integrated environment in which African-American employees hold management positions; by not being considered for job classifications traditionally held by white employees at Southland Tube; by being denied training regularly provided  to white employees; and by being subjected to unequal terms and conditions of employment.

34.     Throughout his employment with Southland Tuber, Bryant has witnessed or experienced the unequal treatment of African American employees.  For example, since February 2008, Bryant has routinely been denied promotions to positions of higher pay and responsibility.

11

Despite being qualified to receive them, Bryant was never given a reason for his being rejected for these positions.  These positions were located in Mills #3 and #4 of the Defendant's operation.

35.     Bryant and other African-Americans were also routinely refused training opportunities that were regularly provided to similarly situated white employees.  Such training allows the recipient to qualify for better paying positions.  This practice has the effect of preventing Byrant  and other African-American employees from qualifying for positions of greater responsibility and pay.  Southland Tube's reasons for denying this training to African-American employees are always a pretense for race discrimination.

36.     As a result of the Defendant's discriminatory actions, Bryant has suffered extreme harm including, but not limited to,  mental anguish, emotional distress, and mental suffering.

37.     **Representative Plaintiff LaBarron Byron** was adversely affected by the challenged systemic practices and pattern of racial discrimination with respect to selection decisions, job assignments, pay,  promotions, training, and other terms and conditions of employment.  This pattern and practice of racial discrimination has adversely affected Byron by denying him the opportunity to work in an integrated environment in which African-American employees hold management positions; by not being considered for job classifications traditionally held by white employees at Southland Tube; by being denied training regularly provided  to white employees; and by being subjected to unequal terms and conditions of employment.

38.     Throughout his employment with Southland Tuber, Byron has witnessed or experienced the unequal treatment of African American employees.  For example, since being hired by Southland Tube, Byron has routinely been denied promotions to positions of higher pay and responsibility.  Despite his being qualified, Byron was never given a reason for his being rejected

for these positions.

39.     Byron  and other African-Americans were also routinely refused training opportunities that were regularly provided to similarly situated white employees. Such training allows the recipient to qualify for better paying positions.  This practice has the effect of preventing Byron and other African-American employees from qualifying for positions of greater responsibility and pay.  Southland Tube's reasons for denying this training to African-American employees are always a pretense for race discrimination.

40.     As a result of the Defendant's discriminatory actions, Byron has suffered extreme harm including, but not limited to,  mental anguish, emotional distress, and mental suffering.

41.     **Representative Plaintiff Rodney Freeman** was adversely affected by the challenged systemic practices and pattern of racial discrimination with respect to selection decisions, job assignments, pay, promotions, training, and other terms and conditions of employment.  This pattern and practice of racial discrimination has adversely affected Freeman by denying him the opportunity to work in an integrated environment in which African-American employees hold management positions; by not being considered for job classifications traditionally held by white employees at Southland Tube; by being denied training regularly provided  to white employees; and by being subjected to unequal terms and conditions of employment.

42.     Throughout his employment with Southland Tube, Freeman has witnessed or experienced the unequal treatment of African American employees.  For example, since being hired by Southland Tube, Freeman routinely has been denied positions of higher pay and prestige.  Despite his being qualified, Freeman was never given a reason for his being rejected for these positions.

43.     Freeman and other African-Americans were also routinely refused training opportunities that were regularly provided to similarly situated white employees. Such training allows the recipient to qualify for better paying positions. This practice has the effect of preventing Freeman and other African-American employees from qualifying for positions of greater responsibility and pay. Southland Tube's reasons for denying this training to African-American employees are always a pretense for race discrimination.

44.     In August 2009, Freeman was terminated after filing a previous charge of discrimination with the Equal Employment Opportunity Commission. Freeman was terminated for his opposition to and reporting of racial discrimination. Southland Tube's reason(s) for terminating Freeman are a pretext for retaliation and discrimination.

45.     As a result of the Defendant's discriminatory actions, Freeman has suffered extreme harm including, but not limited to, mental anguish, emotional distress, and mental suffering.

46.     **Representative Plaintiff Dana Hampton** was adversely affected by the challenged systemic practices and pattern of racial discrimination with respect to selection decisions, job assignments, pay, promotions, training, and other terms and conditions of employment. This pattern and practice of racial discrimination has adversely affected Hampton by denying him the opportunity to work in an integrated environment in which African-American employees hold management positions; by not being considered for job classifications traditionally held by white employees at Southland Tube; by being denied training regularly provided to white employees; and by being subjected to unequal terms and conditions of employment.

47.     Throughout his employment with Southland Tube, Hampton has witnessed or experienced the unequal treatment of African American employees. For example, Hampton has

routinely been denied training which would allow him to apply for positions of higher pay and responsibility.  Hampton has never been given a reason for his being rejected for this training.  This training was regularly provided to similarly situated white employees.

48.     Such training allows the recipient to qualify for better paying positions.   This practice

has the effect of preventing Hampton  and other African-American employees from qualifying for positions of greater responsibility and pay.  Southland Tube's reasons for denying this training to African-American employees are always a pretense for race discrimination.

49.     As a result of the Defendant's discriminatory actions, Hampton has suffered extreme harm including, but not limited to,  mental anguish, emotional distress, and mental suffering.

50.     **Representative Plaintiff Jermaine Hardin** was adversely affected by the challenged

systemic practices and pattern of racial discrimination with respect to selection decisions, job assignments, pay, promotions, training, and other terms and conditions of employment. This pattern and practice of racial discrimination has adversely affected Hardin by denying him the opportunity to work in an integrated environment in which African-American employees hold management positions; by not being considered for job classifications traditionally held by white employees at Southland Tube; by being denied training regularly provided  to white employees; and by being subjected to unequal terms and conditions of employment.

51.     Throughout his employment with Southland Tube, Hardin has witnessed or experienced the unequal treatment of African American employees.  For example, Hardin has routinely been denied training which would allow him to apply for positions of higher pay and

responsibility.  Hardin has never been given a reason for his being rejected for this training.  This training was regularly provided to similarly situated white employees.

52.     Such training allows the recipient to qualify for better paying positions.  This
        practice

has the effect of preventing Hampton  and other African-American employees from qualifying for positions of greater responsibility and pay.  Southland Tube's reasons for denying this training to African-American employees are always a pretense for race discrimination.

53.     As a result of the Defendant's discriminatory actions, Hardin has suffered extreme harm including, but not limited to,  mental anguish, emotional distress, and mental suffering.

54.     **Representative Plaintiff Eric Herrod** was adversely affected by the challenged systemic practices and pattern of racial discrimination with respect to selection decisions, job assignments, pay,  promotions, training, and other terms and conditions of employment. This pattern and practice of racial discrimination has adversely affected Herrod by denying him the opportunity to work in an integrated environment in which African-American employees hold management positions; by not being considered for job classifications traditionally held by white employees at Southland Tube; by being denied training regularly provided  to white employees; and by being subjected to unequal terms and conditions of employment.

55.     Throughout his employment with Southland Tube, Herrod has witnessed or experienced the unequal treatment of African American employees.  For example, Herrod has routinely been denied training which would allow him to apply for positions of higher pay and responsibility.  Herrod has never been given a reason for his being rejected for this training.  This training was regularly provided to similarly situated white employees.

16

56.     Such training allows the recipient to qualify for better paying positions.  This
        practice

has the effect of preventing Herrod  and other African-American employees from qualifying for

positions of greater responsibility and pay.  Southland Tube's reasons for denying this training to

African-American employees are always a pretense for race discrimination.

57.     As a result of the Defendant's discriminatory actions, Herrod has suffered extreme

harm including, but not limited to, mental anguish, emotional distress, and mental suffering.

58.     **Representative Plaintiff Charles Patton** was adversely affected by the challenged

systemic practices and pattern of racial discrimination with respect to selection decisions, job

assignments, pay, promotions, training, and other terms and conditions of employment.  This pattern

and practice of racial discrimination has adversely affected Patton by denying him the opportunity

to work in an integrated environment in which African-American employees hold management

positions; by not being considered for job classifications traditionally held by white employees at

Southland Tube; by being denied training regularly provided  to white employees; and by being

subjected to unequal terms and conditions of employment.

59.     Throughout his employment with Southland Tube, Patton has witnessed or

experienced the unequal treatment of African American employees.  For example, Patton has

routinely been denied training which would allow him to apply for positions of higher pay and

responsibility.  Patton has never been given a reason for his being rejected for this training.  This

training was regularly provided to similarly situated white employees.

60.     Such training allows the recipient to qualify for better paying positions.  This
        practice

has the effect of preventing Patton and other African-American employees from qualifying for positions of greater responsibility and pay.  Southland Tube's reasons for denying this training to African-American employees are always a pretense for race discrimination.

61.     As a result of the Defendant's discriminatory actions, Patton has suffered extreme harm including, but not limited to, mental anguish, emotional distress, and mental suffering.

62.     **Representative Plaintiff Quentonlyn Sneed** was adversely affected by the challenged systemic practices and pattern of racial discrimination with respect to selection decisions, job assignments, pay, promotions, training, and other terms and conditions of employment.  This pattern and practice of racial discrimination has adversely affected Sneed by denying him the opportunity to work in an integrated environment in which African-American employees hold management positions; by not being considered for job classifications traditionally held by white employees at Southland Tube; by being denied training regularly provided to white employees; and by being subjected to unequal terms and conditions of employment.

63.     Throughout his employment with Southland Tube, Sneed witnessed or experienced the unequal treatment of African American employees.  For example, Sneed was routinely denied training which would have allowed him to apply for positions of higher pay and responsibility. Sneed was never given a reason for his being rejected for this training.  This training was regularly provided to similarly situated white employees.

64.     Such training allows the recipient to qualify for better paying positions.  This practice had the effect of preventing Sneed and other African-American employees from qualifying for positions of greater responsibility and pay.  Southland Tube's reasons for denying this training to

African-American employees are always a pretense for race discrimination.

65.     On September 4, 2009, Sneed filed a charge of discrimination with the Equal Employment Opportunity Commission complaining of discrimination in employment.  Sneed was terminated from his position in February 2010.  Sneed was terminated because of his opposition to and reporting of race discrimination in employment.  Southland Tube's reason(s) for terminating Sneed are a pretext for retaliation and discrimination.

66.     As a result of the Defendant's discriminatory actions, Sneed has been made to suffer extreme harm including, but not limited to,  mental anguish, emotional distress, and mental suffering.

67.     **Representative Plaintiff William Tatum** was adversely affected by the challenged systemic practices and pattern of racial discrimination with respect to selection decisions, job assignments, pay,  promotions, training, and other terms and conditions of employment.  This pattern and practice of racial discrimination has adversely affected Tatum by denying him the opportunity to work in an integrated environment in which African-American employees hold management positions; by not being considered for job classifications traditionally held by white employees at Southland Tube; by being denied training regularly provided  to white employees; and by being subjected to unequal terms and conditions of employment.

68.     Throughout his employment with Southland Tube, Tatum has witnessed or experienced the unequal treatment of African American employees.  For example, Tatum has routinely been denied training which would allow him to apply for positions of higher pay and responsibility.  Tatum has never been given a reason for his being rejected for this training.  This training was regularly provided to similarly situated white employees.

19

69.     Such training allows the recipient to qualify for better paying positions.  This

practice

has the effect of preventing Patton and other African-American employees from qualifying for

positions of greater responsibility and pay.  Southland Tube's reasons for denying this training to

African-American employees are always a pretense for race discrimination.

70.     As a result of the Defendant's discriminatory actions, Tatum has suffered extreme

harm including, but not limited to,  mental anguish, emotional distress, and mental suffering.


71.     **Representative Plaintiff Lovell Travis**  was adversely affected by the challenged

systemic practices and pattern of racial discrimination with respect to selection decisions, job

assignments, pay, promotions, training, and other terms and conditions of employment. This pattern

and practice of racial discrimination has adversely affected Travis by denying him the opportunity

to work in an integrated environment in which African-American employees hold management

positions; by not being considered for job classifications traditionally held by white employees at

Southland Tube; by being denied training regularly provided  to white employees; and by being

subjected to unequal terms and conditions of employment.

72.     Throughout his employment with Southland Tube, Travis witnessed or experienced

the unequal treatment of African American employees.  For example, Travis was routinely denied

training that would have allowed him to apply for positions of higher pay and responsibility.  Travis

was never given a reason for his being rejected for this training.  This training was regularly

provided to similarly situated white employees.

73.     Such training allows the recipient to qualify for better paying positions.  This
        practice

had the effect of preventing Travis and other African-American employees from qualifying for

positions of greater responsibility and pay.  Southland Tube's reasons for denying this training to

African-American employees are always a pretense for race discrimination.

74.     As a result of the Defendant's discriminatory actions, Travis has suffered extreme

harm including, but not limited to,  mental anguish, emotional distress, and mental suffering.

75.     **Representative Plaintiff Uriel L. Turner, Jr.** was adversely affected by the

challenged systemic practices and pattern of racial discrimination with respect to selection decisions,

job assignments, pay,  promotions, training, and other terms and conditions of employment.  This

pattern and practice of racial discrimination has adversely affected Turner by denying him the

opportunity to work in an integrated environment in which African-American employees hold

management positions; by not being considered for job classifications traditionally held by white

employees at Southland Tube; by being denied training regularly provided to white employees; and

by being subjected to unequal terms and conditions of employment. For example, Turner has

routinely been denied training which would allow him to apply for positions of higher pay and

responsibility.  Turner has never been given a reason for his being rejected for this training.  This

training was regularly provided to similarly situated white employees.

76.     Such training allows the recipient to qualify for better paying positions.  This
        practice

has the effect of preventing Turner and other African-American employees from qualifying for

positions of greater responsibility and pay.  Southland Tube's reasons for denying this training to

African-American employees are always a pretense for race discrimination.

77.     As a result of the Defendant's discriminatory actions, Turner has suffered extreme harm including, but not limited to,  mental anguish, emotional distress, and mental suffering.

## VII.   CLASS CLAIMS

### A.  COUNT ONE
### Race Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964

78.     Representative Plaintiffs restate and incorporate by reference Paragraphs 1-77 above as part of this Count of the Complaint.

79.     Southland Tube has discriminated against the Representative Plaintiffs and the class they seek to represent with regards to selection procedures and other terms and conditions of employment because of their race, in violation of Title VII of the Civil Rights Act of 1964.

80.     Southland Tube's  conduct has been intentional, deliberate, willful and conducted with disregard of the rights of Plaintiffs and members of the proposed class.

81.     By reason of Southland Tube's discriminatory employment practices, the Representative Plaintiffs and the proposed class members have experienced extreme harm, including loss of compensation, wages, back and front pay, and other employment benefits, and, as such, are entitled to all legal and equitable remedies available under Title VII of the Civil Rights Act of 1964.

### B.  COUNT TWO
### Discrimination on the Basis of Race in
### Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981

82.     Representative Plaintiffs restate and incorporate by reference Paragraphs 1-81 above as part of this Count of the Complaint.

83.     Southland Tube has discriminated against the Representative Plaintiffs and the class

they seek to represent with regards to selection procedures and other terms and conditions of employment because of their race, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

84.     Southland Tube's conduct has been intentional, deliberate, willful and conducted with disregard of the rights of Plaintiffs and members of the proposed class.

85.     By reason of Southland Tube's discriminatory employment practices, the Representative Plaintiffs and the proposed class members have experienced extreme harm, including loss of compensation, wages, back and front pay, and other employment benefits, and, as such, are entitled to all legal and equitable remedies.

## VIII.   PRAYER FOR RELIEF

Wherefore, the Representative Plaintiffs, on behalf of themselves and the proposed class members whom they seek to represent, request the following relief:

1.     Acceptance of jurisdiction of this cause;

2.     Certification of the case as a class action maintainable under Federal Rules of Civil Procedure Rule 23(a), Rule 23(b)(2) and/or Rule 23(b)(3) on behalf of the proposed Plaintiff class, and designation of Representative Plaintiffs as representatives of the class and their counsel of record as class counsel;

3.     A declaratory judgment that the defendant's employment practices challenged herein are illegal and violative of the rights secured to Representative Plaintiffs and members of the proposed class;

4.      A preliminary and permanent injunction against the Defendant and their partners, officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with it, from engaging in any further unlawful practices, policies, customs, usages, racial discrimination and retaliation by the Defendant set forth herein;

5.      An award of back pay; front pay; nominal damages, lost benefits; punitive damages, damages for lost compensation and job benefits suffered by the individual plaintiffs and the class they seek to represent; and any other appropriate equitable relief to the plaintiffs and class members;

6.      An  award of litigation costs and expenses, including reasonable attorneys' fees, to the Plaintiffs and class members;

7.      Prejudgment interest; and

8.      Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

/s/Roderick T. Cooks
Roderick T. Cooks
ASB-5819-O78R
Lee Winston
ASB-6407-O72L
Mintrel Martin
ASB-7172-R66M
Attorneys for the Plaintiffs
and the Putative Class

**OF COUNSEL:**
WINSTON COOKS, LLC
Two-20th Street North
Suite 1330
Birmingham, AL 35203
(205) 502-0970  telephone
(205) 278-5876 facsimile
email: rcooks@winstoncooks.com

24

The Martin Law Firm, LLC
Wells Fargo Bldg.
420 20th Street North
Suite 2560
Birmingham, AL 35203
(205) 801-6051 telephone
(205) 801-6052 facsimile


**PLAINTIFFS' ADDRESS**:
WINSTON COOKS, LLC
Two-20th Street North
Suite 1330
Birmingham, AL 35203
(205) 502-0970  telephone
(205) 278-5876 facsimile
email: rcooks@winstoncooks.com

The Martin Law Firm, LLC
Wells Fargo Bldg.
420 20th Street North
Suite 2560
Birmingham, AL 35203
(205) 801-6051 telephone
(205) 801-6052 facsimile


**DEFENDANTS' ADDRESS**:
SOUTHLAND TUBE INC
3525 RICHARD ARRINGTON JR BLVD
BIRMINGHAM, AL 35234-2307


**REGISTERED AGENT**
Craig Hill
3525 10TH AVE N
BIRMINGHAM, AL 35234-2307